UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN CEDRIC KING,

          Petitioner,        Case No. 4:25-cv-11254
                                           Hon. Shalina D. Kumar

v.

WARDEN KING,

          Respondent.
_____/

## ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Before the Court is petitioner Adrian Cedric King's ("King") successive petition for a writ of habeas corpus filed under 28 U.S.C. §2254. Because King has not received preauthorization to file a successive petition, the present action must be transferred to the Court of Appeals.

King is serving a lengthy sentence for his 2005 Wayne Circuit Court bench trial conviction of assault with intent to commit murder and other offenses. King claims that he is actually innocent of the habitual-felony offender sentencing enhancement, and that he was denied the effective assistance of appellate counsel. ECF No. 1, PageID.1-7.

King's convictions were affirmed by the state courts on direct review. *See People v. King*, No. 263046, 2006 WL 3114310 (Mich. Ct. App. Nov. 2,

1

2006); *People v. King*, 727 N.W.2d 614 (Mich. 2007) (Table). King then filed his first federal habeas petition under section 2254, asserting that the evidence presented at trial was insufficient. The petition was denied on the merits. *See King v. Capello*, No 07-15134, 2011 WL 164230 (E.D. Mich. Jan. 18, 2011). King's appeal to the Sixth Circuit was dismissed for want of prosecution, *King v. Sherry*, Nos. 11-1191 & 11-1318 (6th Cir. Apr. 21, 2011), and he later sought permission to file a second habeas petition, but the Sixth Circuit denied preauthorization. *In re King*, No. 12-1678 (6th Cir. Oct. 17, 2012).

Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because this is King's third attempt to file a federal habeas petition

2

under section 2254, and because he failed to obtain preauthorization from the Court of Appeals, this Court is without jurisdiction to consider his claims. Where a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the Court of Appeals. *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of Court is **DIRECTED** to transfer the petition to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

Dated: September 9, 2025